## HOLCOMB v. JACKSON.

---

A party in interest summoned before a master, is not guilty of a contempt for non-attendance, where neither he nor his solicitor has been served with the order upon which the summons is based.

---

*August* 22,
1836.

*Practice.*
*Master's*
*Summons.*
*Contempt.*

Judgment-creditor's bill. An order had been granted for the appointment of a receiver and that the defendant be examined as to his property; but no copy of it had been served either upon the defendant or his solicitor. For the purpose of appointing such receiver, the complainant took out a master's summons, having the following underwriting: "To appoint a receiver in this cause of all the real and personal, the legal and equitable estate and property, things in possession and choses in action of the defendant, Mortimer M. Jackson, with the usual powers." The defendant, under advice of counsel, did not attend before the master; and a motion was made that the party be attached.

Mr. *Howard H. White*, for the complainant.

Mr. *D. Graham, Jr.*, for the defendant.

THE VICE-CHANCELLOR:—The practice is not very well settled as to the effect of a master's summons in a case like the present.

It appears that no service was made of the order of reference; and the counsel for the defendant contends that, although a party may be in contempt for not obeying an or-

der, yet he is not liable to an attachment for not appearing upon a master's summons.  Is this so?

I consider the summons of the master, when taken alone, to amount to no more than a notice and that it cannot, where the order upon which it is founded has not been served, be the groundwork of an attachment.  Here we have a summons which merely shows, in its underwriting, that a receiver is to be appointed with usual powers : having no reference to the date or particulars of any order.  For the purpose of bringing the party into contempt, there should have been service of a copy of the order or the master should, in the summons or in its underwriting, have referred to the order and said that the defendant was to submit to an examination.  If this had been done, then a default in the defendant's attendance would have amounted to a contempt.  At present he is not in contempt.

Motion denied.